## Kopan v. Hawk

*Cyril T. Garvey*, for plaintiffs.
*Albert E. Acker*, for defendant.

McKAY, J., April 28, 1958.—In this case defendant has filed preliminary objections asking for a more specific complaint as to averments of the injuries to the respective plaintiffs. The several objections raised essentially the same question, viz., whether after specifying injuries in detail plaintiff may properly add "other injuries both internal and external in and about the head, limbs and body." Defendant objects that this language is so general that defendant is not apprised thereby of what he will be called upon to meet at the trial.

Plaintiff contends that the question is ruled by the case of Toussaint v. Lehigh Valley Transit Co., 67 D. & C. 387 (1949). In that case the complaint set forth the injuries received specifically and added, "and divers other injuries". The court dismissed the preliminary objections asking for a more specific complaint, stating, page 388: "We believe a plaintiff is entitled to a catchall after specifying the main items of damage."

We disagree with the court's conclusion in the Toussaint case. A catchall averment of "other injuries" is nothing more than a generalized averment under which any injuries whatever could be proved at the trial. Defendant would have no knowledge in advance of the trial of what they are.

The case is similar to that of Grumley v. Pellegrino, 4 D. & C. 205 (1903), in which an averment of "other and various injuries to different parts of his body" was held not sufficiently specific.

### Order

Now, April 28, 1958, the preliminary objections filed by defendant in the above entitled case asking for a more specific pleading with respect to paragraphs 8, 15, 18, 21 and 23 of the complaint are sustained.